**State of Vermont**
**Superior Court—Environmental Division**

===========================================================================
### ENTRY REGARDING MOTION
===========================================================================

**In re Whiteyville Properties, LLC**                                         **Docket No. 179-12-11 Vtec**
**(Appeal of City of Burlington DRB decision)**

Title: Motion for Sanctions (Filing No. 1)

Filed: May 15, 2012

Filed By: Whiteyville Properties, LLC

Opposition to Motion filed on 6/18/12 by City of Burlington

Response to Opposition filed on 7/2/12 by Whiteyville Properties, LLC

Reply to Response to Opposition filed on 7/24/12 by City of Burlington

Response to Reply to Response to Opposition filed on 8/3/12 by Whiteyville Properties, LLC

___ Granted                    _X_ Denied                    ___ Other

At a January, 2012 status conference, the Court accommodated the joint request of Applicant Whiteyville Properties, LLC ("Applicant") and the City of Burlington ("City") to allow limited continued informal negotiations related to the above-referenced appeal. Pursuant to V.R.E.C.P. 2(d) and V.R.C.P. 16.3(a)(3)(a)(A), the Court ordered the parties—should their informal efforts fail—to complete mediation by March 19, 2012. On March 21, the parties informed the Court that scheduling conflicts prevented a meeting before March 27, 2012.[1]

The parties attended mediation on March 27, 2012. (Alternative Dispute Resolution Report at 1, filed Apr. 12, 2012). Applicant alleges that "[t]he mediation lasted approximately fifteen minutes, [and] the parties came to a solution," but that the City acted in bad faith because its representatives (Attorney Sturtevant and Senior Planner Scott Gustin) lacked authority to bind the City. (Applicant's Mot. for Sanctions at 1, filed May 15, 2012). Applicant alleges that the actions of the City's representatives and their lack of authority to settle caused "damages in time and money." Id. The City maintains that prior to the start of the mediation session, it informed Applicants that the DRB would have to approve any tentative settlement reached during the mediation. (City's Opp. to Applicant's Mot. for Sanctions at 1, filed Jun. 18, 2012). Applicant disputes that this representation was made before settlement. See Applicant's Reply Mem. at 1, filed Aug. 3, 2012. But Applicant fails to dispute the City's assertion that settlement of this litigation required approval from its Board and that the Board could not delegate that authority to a single individual.

---

[1] The letter, filed by the City, indicated that Applicant's attorney joined in the City's request to postpone the scheduled conference with the Environmental Case Manager until after the mediation due to the scheduling difficulties. Applicant does not deny that his attorney joined in this request, nor does he assert that he objected to this extension of time.

Applicant misunderstands the role of municipalities in the mediation process. Only the City's democratically-elected City Council has final authority to accept or reject any settlement of litigation on the part of the City. Alternatively—as appears might be the case here—a revised plan may need to return to the City of Burlington Development Review Board ("DRB") for approval. Either way, the entire City Council or DRB cannot attend and participate in a confidential mediation session, due to the fact that any meeting of a majority of either of those bodies must be noticed in advance as a public meeting.

Rule 16.3 of the Vermont Rules of Civil Procedure require that when a party is ordered to participate in mediation, that party must attend the mediation or have a representative at the mediation who has authority to settle the dispute at issue. V.R.C.P. 16.3(c)(5). A court is authorized to impose one or more sanctions against any party who does not fulfill their obligations under a Rule 16.3 mediation order, unless the party shows "good cause" for its non-compliance. V.R.C.P. 16.3(h).

All municipalities who participate in litigation face the difficulty of strict compliance with V.R.C.P. 16.3(c)(5), given the impossibility of its legislative body delegating its authority to settle pending litigation. The common practice established by this Court, given the frequency that municipal entities are parties in litigation before us, is to require that, if and when mediation results in a settlement, that settlement is contingent upon final approval by the municipality's legislative body. The City followed that practice here. We therefore conclude that the City has shown good cause not to be subject to the sanctioning power this Court is authorized to exercise through V.R.C.P. 16.3(h).

Our review of the affidavits submitted by both sides does not reveal any evidence of bad faith or unreasonable delay on the City's part with regard to the very brief mediation session at issue. Thus, we **DENY** Applicant Whiteyville Properties, LLC's request for sanctions.

_____          _____December 13, 2012_____
Thomas S. Durkin, Judge                                              Date

============================================================================

Date copies sent: _____                                    Clerk's Initials: _____

Copies sent to:

   Attorney Michael D. Johnson for Appellant Whiteyville Properties, LLC
   Attorney Kimberlee J. Sturtevant for City of Burlington
   Interested Person John Douglas
   Interested Person Eleanor Lanahan
   Interested Person Amanda Phillips
   Interested Person Briggs Phillips